**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Vicente VALENCIA, aka Shorty, aka Rodolfo Martinez, aka Vincent Valencia, Defendant—Appellant.**

No. 03–30115.

D.C. No. CR–00–00130–RFC.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 15, 2003.

James E. Seykora, USMO–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Jack E. Sands, Billings, MT, Donald J. Angelini, Chicago, IL, for Defendant–Appellant.

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

## MEMORANDUM**

Vicente Valencia appeals his 180–month sentence imposed following his guilty plea to conspiracy to possess a controlled substance with intent to distribute. Valencia contends there was insufficient evidence to support the district court's imposition of a two-level sentencing enhancement under U.S.S.G. § 3B1.1(c) for Valencia's role of a manager or supervisor in the conspiracy. We review for clear error, *United States v. Riley*, 335 F.3d 919, 925 (9th Cir.2003), and affirm.

To sustain a finding that a defendant played an aggravated role under section 3B1.1, there must be evidence that the defendant exercised some control over others involved in commission of the offense. *United States v. Harper*, 33 F.3d 1143, 1151 (9th Cir.1994). A defendant need only exercise authority over one other participant in order to merit the adjustment. *United States v. Maldonado*, 215 F.3d 1046, 1050 (9th Cir.2000).

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Valencia argues that in concluding that he managed others, the district court improperly relied solely on information in the presentence report which recited his co-conspirators' trial testimony regarding Valencia's role in the offense. Valencia contends that because the sentencing judge was not the trial judge hearing that testimony, the information in the PSR is unreliable. We disagree. While the government bears the burden of proving the facts underlying the enhancement, if it submits the PSR as proof, and if the defendant submits no contrary evidence, the only evidence before the sentencing judge is the uncontroverted PSR. In such a case, a judge may rely on the PSR to establish the factual basis for the enhancement. *See United States v. Romero–Rendon,* 220 F.3d 1159, 01163 (9th Cir.2000).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.